***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted February 9, affirmed March 8, petition for review denied June 15, 2023 (371 Or 175)

In the Matter of J. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

J. M.,
*Respondent,*

*v.*

V. M.,
*Appellant.*

Columbia County Circuit Court
19JU08971; A179108 (Control)

In the Matter of K. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

K. M.,
*Respondent,*

*v.*

V. M.,
*Appellant.*

Columbia County Circuit Court
19JU08972; A179109

Ted E. Grove, Senior Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Ginger Fitch and Youth, Rights & Justice filed the brief for respondents children.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this consolidated juvenile dependency case, mother appeals permanency judgments that changed the permanency plan for her two children from reunification to guardianship. Mother raises six assignments of error; the first and second assignments assert that the juvenile court erred in determining that the Department of Human Services (DHS) made reasonable efforts to reunify mother with her children; the third and fourth assignments assert that the juvenile court erred in determining that mother's progress was insufficient for the children to be safely returned home; the fifth and sixth assignments assert that the juvenile court erred in changing the permanency plans from reunification to guardianship. We affirm.

Mother does not request *de novo* review, and this is not an exceptional case warranting *de novo* review. ORAP 5.40(8)(c). "When the permanency plan at the time of a permanency hearing is reunification, the juvenile court is authorized to change the plan away from reunification only if DHS proves that (1) it made reasonable efforts to make it possible for the child to be reunified with his or her parent and (2) notwithstanding those efforts, the parent's progress was insufficient to make reunification possible." *Dept. of Human Services v. S. M. H.*, 283 Or App 295, 305, 388 P3d 1204 (2017). Whether DHS's efforts are reasonable and whether a parent's progress was sufficient are both "evaluated by reference to the facts that formed the bases for [the] juvenile court" asserting jurisdiction. *Dept. of Human Services v. N. T.*, 247 Or App 706, 715, 271 P3d 143 (2012). DHS's efforts can only be considered reasonable if the department has given the "parents a reasonable opportunity to demonstrate their ability to adjust their conduct and become minimally adequate parents." *S. M. H.*, 283 Or App at 306. The juvenile court may consider a parent's "conduct and response to services that are offered" when evaluating whether DHS has made reasonable efforts under the totality of circumstances. *Dept. of Human Services v. S. W.*, 267 Or App 277, 292 n 7, 340 P3d 675 (2014).

Because we do not engage in *de novo* review, we are bound by the juvenile court's findings, as long as there is

any evidence in the record to support them. *Dept. of Human Services v. J. F. D.*, 255 Or App 742, 744, 298 P3d 653 (2013). Whether DHS's efforts qualify as "reasonable" and whether a parent's progress is "insufficient" for purposes of ORS 419B.476(2)(a) are questions of law that we review for legal error. *Dept. of Human Services v. V. A. R.*, 301 Or App 565, 567, 456 P3d 681 (2019); *Dept. of Human Services v. G. N.*, 263 Or App 287, 294, 328 P3d 728, *rev den*, 356 Or 638 (2014).

Here, we conclude legally sufficient evidence supported the juvenile court's determination that DHS's efforts were reasonable, and that mother's progress was insufficient.

Sometime in 2020, the children's individual therapist spoke to mother to discuss the children and to assess whether mother would be able to successfully engage in family therapy. But family therapy was not able to move forward because mother was "unable to accept responsibility" and lacked understanding of why the children were in DHS custody. After that failed attempt, DHS continued to try to engage mother in individual and family therapy and its efforts were rejected by mother because mother believed that family therapy would require her regularly to travel from Nevada to Washington.

Then, in March 2022, the juvenile court explained to mother that family therapy does not require her to travel and that family therapy would be conducted either online or via telephone.[1] However, during the June 2022 permanency hearing at issue in this case, mother testified again that she did not understand that engaging in family therapy would not require her regular travel to Washington. By the time of the June 2022 permanency hearing, the children had been in DHS care for 30 months, during which mother had reasonable time to begin to engage in family therapy, but she did not. *See S. W.*, 267 Or App at 292 n 7 ("[A] parent's conduct and response to services that are offered is relevant to the juvenile court's determination of whether

---

[1] In November 2021, we reversed and remanded the first permanency plan judgment and ruled that the juvenile court erred by relying on "facts extrinsic to the juvenile judgment," such as information regarding mother's age, health, and medical history. *Dept. of Human Services v. V. M.*, 315 Or App 775, 784-86, 502 P3d 773 (2021).

DHS has made 'reasonable efforts' under the totality of the circumstances.").

Further, the juvenile court did not err in concluding that mother's progress has also been insufficient because she has failed to address the bases upon which the juvenile court took jurisdiction, namely, that the children do not want to return to her care and that the family requires services to repair the relationship. Mother has not engaged in therapeutic services, and the testimony of her willingness to do so during the permanency hearing does not counter the 30 months of mother's conduct in which she rejected or refused to engage in those services.

Therefore, for the reasons set forth above, we conclude that the juvenile court did not err in changing the permanency plans for the children from reunification to guardianship.

In sum, we reject mother's first through fifth assignments of error.

Affirmed.